# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

**Honorable  Patty Shwartz**              **U.S. Post Office & Courthouse Bldg.**
**United States Magistrate Judge**        **Federal Square, Newark, NJ  07101**

July 18, 2005

## LETTER OPINION

Usama Sadik Abdel-Whab, Pro Se          Craig L. Corson
Pike County Correctional Facility       Hoagland, Longo, Moran, Dunst,
175 Pike County Blvd.                   & Doukas LLP
Lords Valley, PA 18428                  40 Paterson Steet
                                        P.O. Box 480
                                        New Brunswick, N.J. 08903


Lori A. Dvorak                          Thomas J. Decker
Lych, Keefe, & Bartels, Esqs.           Decker & Magaw
830 Broad Street                        507 Westfield Avenue
Shrewsbury, N.J. 07702                  Westfield, N.J. 07090


> **RE:    Usama S. Abdel-Whab v. Middlesex County Jail, et al**
> **Civil Action No. 04-1846 (FSH)**

Dear Litigants:

This matter comes before the Court by way of plaintiff Usama S. Abdel-Whab's various motions for the appointment of <u>pro bono</u> counsel, pursuant to 28 U.S.C. § 1915(e)(1).  For the reasons set forth below, plaintiff's motions are denied without prejudice to his filing such a motion in the event his circumstances change.

## PROCEDURAL HISTORY

On April 4, 2004, plaintiff submitted a Complaint against defendants alleging that, while incarcerated at the Middlesex County Adult Corrections Center, Middlesex County, New Jersey,[1] he was assaulted on or about November 27, 2002, (Compl at ¶¶ 19-47) and December 24, 2002 (Complt. at ¶¶ 48-56), and subsequently deprived of medical treatment. (Compl at ¶¶ 19-48). On that date, the plaintiff also submitted an application to proceed <u>in forma pauperis</u> ["IFP"].

---

[1]The <u>pro se</u> plaintiff is presently confined to the Pike County Correctional Facility in Lords Valley, Pennsylvania.

1

On November 17, 2004, the Court granted his application to proceed in forma pauperis and pursue claims under 42 U.S.C. § 1983 based upon allegations of excessive force, denial of medial care, and failure to protect and supervise, and common law assault and battery.   [Docket Entry No. 4.]  This Order also directed the Clerk of the Court to provide him with the application for seeking the appointment of pro bono counsel in accordance with Tabron v. Grace, 6 F.3d 454 (3d Cir. 1993).  The Order also directed plaintiff to serve any such application upon each party and to file a certificate of service.  [Id.]

Plaintiff's first application for pro bono counsel came before the Court by letter dated January 20, 2005.  [Docket Entry No. 8.]  That application was denied on January 24, 2005 because plaintiff failed to address the factors necessary for consideration for pro bono counsel. [Docket Entry No. 9.][2]  On May 13, 2005, plaintiff wrote to the Court seeking reconsideration of its January 24, 2005 Order.  On May 25, 2005, the Court entered an Order denying plaintiff's reconsideration application for failure to serve his adversaries.  [Docket Entry No. 40.]

On May 28, 2005, plaintiff wrote another letter to the Court seeking appointment of Counsel, accompanied by a certificate of service.[3]  In addition, plaintiff submitted applications for the appointment of pro bono counsel dated June 20, 2005 [Docket Entry No. 51] and June 23, 2005. [Docket Entry No. 53]

### Plaintiff's Applications for Pro Bono Counsel

In his May 28, 2005 letter, plaintiff argues he should be appointed counsel because: (1) the case is complicated and requires extensive discovery; (2) plaintiff was in administrative segregation until June 21, 2005, which hindered his ability to meet court deadlines[4]; (3) the law clerk who helped the plaintiff has since left the prison and there is no one to help him; (4) he has no access to the law library; (5) counsel could assist in conducting the discovery, which consists of over 25 people who witnessed the incident; and (6) he has no access to a phone or phone book to contact lawyers.  (Letter of Usama S. Abdel Whab dated May 28, 2005.)   In his June 17, 2005 submission, plaintiff asks the Court to also consider:(1) he has limited funds and cannot not pay for postage; (2) he is ignorant of the law; and (3) he might remove himself from the United States

---

[2]On March 30, 2005, plaintiff wrote to the Court again seeking appointment of counsel asserting only that because he is unable to prosecute the case due to his incarceration.  There was no indication in the March 28, 2005 letter was served upon his adversaries.

[3]Notably, in his June 23, 2005 application, plaintiff stated that previous applications had been denied "because the defendants didn't answer the complaint yet."  (Plaintiff's Application for pro bono counsel dated June 23, 2005 at 2.)  Contrary to this assertion, the reasons for the denials are set forth in the orders themselves.

[4]The Court has addressed this concern in its Order dated July 11, 2005, extending discovery deadlines.  [See Docket Entry No. 54.]

and would not be able to prosecute the case from Egypt. (Application of Usama S. Abdel-Whab dated June 17, 2005 at 1-2.) Plaintiff's application dated June 23, 2005 adds no new arguments.

The Court entered an Order dated June 3, 2005 requiring defendants to submit responses to plaintiff's May 28, 2005 letter no later than June 18, 2005. [Docket Entry No. 41.]

### CFG Health Systems, LLC's Response

On June 14, 2005, defendant CFG Health Systems, LLC filed a letter response stating he never received plaintiff's May 28, 2005 letter and, therefore, could not respond. [Docket Entry No. 43.]

### The Officer Defendants' Response

On June 17, 2005, defendants Middlesex County Correction Officers Parham, Pratt, Johnston, Tirbaldi, and Thau (the "Officer Defendants") submitted their opposition to plaintiff's application. [Docket Entry No. 48.] The Officer Defendants argue (1) plaintiff's motion is untimely because it was filed more than ten days after this Court's initial Order denying his first application for pro bono counsel dated January 24, 2005, see Letter of Craig L. Corson dated June 17, 2005 at 2; (2) plaintiff presents no changes in controlling law, new evidence, or error of law but rather demonstrates mere disagreement with the Court, thus failing the standard for reconsideration, see id.; and (3) even if reconsideration is proper, plaintiff fails to satisfy the considerations under 28 U.S.C. § 1915(d) and Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993).

### The Middlesex County Defendants' Response

On June 17, 2005, defendants Middlesex County, Middlesex County Adult Correctional Center, and former Warden Michael T. Abode (the "Middlesex County Defendants") filed a response. [Docket Entry Nos. 46, 47.] The Middlesex County Defendants focus solely the Tabron elements in support of their argument that plaintiff is not entitled to pro bono counsel. (Letter of Lori A. Dvorak dated June 17, 2005 at 2-3.) Specifically, they argue, assuming plaintiff's claim has merit, (1) his numerous court submissions demonstrate fluency in English and his ability to present his case (id. at 2-3); (2) there are no esoteric or uncertain questions of law that would require the assistance of one trained in legal analysis (id. at 3); and (3) plaintiff has not asserted that expert testimony will be required to adjudicate this case (id.). For these reasons, the Middlesex County Defendants argue plaintiff's allegations do not warrant appointment of counsel.

## DISCUSSION

Plaintiff's prior attempts to place these issues before the Court have been procedurally deficient and this Court has not yet addressed whether or not the plaintiff's application meets the

standards under Tabron and its progeny.  Indeed, while the plaintiff has made numerous submissions requesting counsel, his submissions dated May 28, 2005 and June 17, 2005 are the first ones that address the Tabron factors and which were properly served. Accordingly, the Officer Defendants' arguments regarding plaintiff's failure to meet the reconsideration standards will not bar consideration of the applications on their merits.

Indigent civil litigants, such as the plaintiff, have no Constitutional or statutory right to appointment of counsel.  Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997).  Rather, section 1915(e)(1) of Title 28 grants district courts broad discretion to request appointed counsel to represent indigent civil litigants.  Tabron, 6 F.3d 147, 153 (court vacated the district court's denial of appellant indigent prisoner's request for appointment of counsel).  When presented with an application for the appointment of pro bono counsel in a civil case, courts consider the factors set forth by the Third Circuit in the Tabron v. Grace case.  Id. at 150.

As a threshold matter, the plaintiff must prove that his claim has "some arguable merit in fact and law."  Parham, 126 F.3d at 457.  If this threshold is satisfied, then the Court should consider: (1) the ability of the party to present his case, (2) difficulty of the legal issues, (3) the ability of the party to pursue a factual investigation, (4) capacity of the party to retain his own counsel, (5) the extent to which a case is likely to turn on credibility determinations, and (6) whether the case will require expert witness testimony.  Tabron, 6 F.3d at 155-57.  While not exhaustive, "this list of factors . . . should serve as a guidepost for the district courts."  Parham, 126 F.3d at 457.  The Court will assume for the purpose of this application that plaintiff's claims have merit and turns to the Tabron factors.[5]

First, the Court considers whether or not the plaintiff has the ability to present his own case.  Although plaintiff attests that he is untrained in and unfamiliar with civil procedure and has no assistance, (Letter from Abdel-Whab of 6/7/05, at 1, ¶¶ 3,5), he has been quite prolific in his filings in the instant action.  Indeed, plaintiff has shown to the Court his understanding of civil procedure by way of applications to amend pleadings and for default judgment, sanctions, reconsideration, as well as his appeals in this case.  Plaintiff's apparent ability to produce numerous court submissions, even after he represented the paralegal that helped him had left the facility in which he is incarcerated, weighs against appointment of counsel.

Second, the complexity of the legal issues must be considered. The Court will consider the appointment of counsel where the law is not clear or where the legal issues are so complex

---

[5]In this regard, the Court entered an Order dated November 17, 2004 that analyzed plaintiff's allegations, dismissed certain claims pursuant to 28 U.S.C. 1915(e)(2)(B)(ii).  [Docket Entry No. 4.]  Section 1915(e)(2)(B)(ii) allows a court to dismiss prisoner claims that fail to state a claim upon which relief may be granted.  Notably, the Court expressly allowed plaintiff's claims of excessive force, denial of medical care, failure to protect and supervise, and assault and battery to proceed.  Thus, for the purpose of the instant applications, the Court will assume plaintiff's claims have merit.

that the plaintiff's case will be greatly disadvantaged without attorney representation. Montgomery v. Pinchak, 294 F.3d 492 (3d Cir. 2002).  Here, plaintiff alleges that he was deprived of his right to due process and violation of the Fifth, Sixth and Fourteen Amendments of the Constitution of the United States; 42 U.S.C. 1983, 1985 and 28 U.S.C. 1331. (Complt. at ¶¶ 1-68).  The claims arise out of a straight forward set of factual allegations and the applicable law is well-settled.  To the extent plaintiff's administrative segregation status[6] limited his access to the jail's law library, (Letter from Abdel-Whab of 6/7/05, at 1, ¶ 6), the Court addressed this concern by its Order dated July 11, 2005, which granted a reasonable extension of discovery.   At the very least, plaintiff appears able to pursue his legal claims that are governed by established law.

Third, the Court considers the plaintiff's ability to conduct a factual investigation.  The plaintiff states that he cannot adequately investigate and gather information necessary for his case. (Letter from Abdel-Whab of 6/17/05, at 1, ¶ 3).  The plaintiff, however, has access to the tools of discovery and has not presented any particular discovery challenges, which has been demonstrated by the discovery he has propounded.[7]  Given the plaintiff's successful advocacy thus far and his access to and use of the discovery tools, "it appears he is capable of acquiring and compiling factual information in a logical, organized fashion." Hill v. Davidson, 844 F. Supp. 237, 238 (E.D. Pa. 1994) (plaintiff demonstrated his ability to write through his filings with the court and through written grievances he filed with the prison system).  In short, plaintiff has discovery mechanisms at his disposal, most of which can be pursued via mail from anywhere in the country, and he is, therefore able to conduct an investigation.  This factor weighs against appointment of counsel.

Fourth, the Court must consider the plaintiff's ability to obtain counsel.  Here, plaintiff asserts that he lacks access to a telephone book and is unable to afford counsel, which is supported by his successful application for IFP status. See 28 U.S.C. 1915(a) (providing a Court may grant IFP status, and allow a party to proceed without payment of fees and costs, to "a person who makes affidavit that he is unable to pay such costs or give security therefore").  While indigence may bear on plaintiff's capacity to retain and pay for counsel on his own, however, it does not by itself persuade the Court to appoint counsel.

---

[6]The plaintiff's submissions seem to conflict with certain statements that he has made.  In his May 28, 2005 letter, the plaintiff stated that he was in administration segregation until June 21, 2005 and had "no access to the law library to type or search for any instructions." (Letter from Abdel-Whab dated May 28, 2005 at 1.)  That assertion is belied, however, by plaintiff's subsequent submission of typewritten applications. See Applications dated June 17, 2005 and June 20, 2005.  Thus, the Court questions the extent, if any, his administrative segregation status interfered with his ability to pursue his case.

[7] By letter dated June 13, 2005 plaintiff served defendants interrogatories and request for production of documents.

Fifth, the Court must consider the amount a case is likely to turn on credibility determinations.  The court in <u>Tabron</u> noted that in considering this factor, courts should determine, "whether the case was solely a swearing contest."  126 F.3d at 460.  Since the extent to which this case will hinge on credibility determinations is not yet apparent, this factor does not weigh in favor of appointment of <u>pro</u> <u>bono</u> counsel.  <u>See</u> <u>also</u> <u>Pusey v. Green</u>, CIV.A.No. 02-351, 2003 WL 105480, at *3 (D.Del. Jan. 7, 2003) (declining to appoint counsel where it was unclear at that stage in the litigation whether the case would turn on credibility determinations).

Furthermore, plaintiff does not argue, nor is it apparent at this time, that medical experts will be required.  (Letter from Abdel-Whab of 6/17/05, at 1, ¶ 3).  Some cases have noted that a court is likely to appoint counsel where there is a great necessity for an expert, especially a medical expert, <u>Christy v. Robinson</u>, 216 F. Supp. 2d 410, 411 (D.N.J. 2002).  Nothing before the Court, however, show a need for such testimony at this time.  <u>See</u>, <u>e.g.</u>, <u>Pusey</u>, 2003 WL 105480, at *3 (declining to appoint counsel where it is unclear the case will require expert testimony).  At this early juncture, therefore, the Court will not appoint counsel.

## CONCLUSION

For the reasons set forth above, the plaintiff's application is denied without prejudice to his re-filing an application in the future in the event his circumstances change.[8]

### SO ORDERED.

s/Patty Shwartz
Unites States Magistrate Judge

---

[8]A court may appoint counsel at any stage in the litigation.  <u>Tabron v. Grace</u>, 6 F.3d 147, 153 (3d Cir. 1993).

6