UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **USAMA SADIK ABDEL-WHAB** | : | |
| **Plaintiff** | : | |
| | : | |
| v. | : | Civil Action No.  04-1846(FSH) |
| | : | |
| **MIDDLESEX COUNTY, NJ, et al.** | : | REPORT & RECOMMENDATION |
| | : | |
| **Defendants** | : | |

This matter having come before the Court as a result of the Order dated April 17, 2006, directing the plaintiff to show cause in writing, "no later than April 27, 2006," why the Court should not issue a Report and Recommendation that the Complaint be dismissed;

and neither the defendants Middlesex County, Parham, Pratt, Johnston, Tribaldi, and Thau ["Middlesex defendants"] nor the Court having received a written submission from the plaintiff, see Letter of Craig Corson, dated May 3, 2006;

and the Court having been previously advised that the plaintiff's deposition commenced on October 17, 2005 but was not completed, see Letter of Middlesex defendants dated January 10, 2006;

and the Court having been advised that the plaintiff was deported from the United States to Egypt on or about October 27, 2005, id.;

and the plaintiff having submitted notification of his new address, a post office box in Fishkill, New York, by way of notice received November 9, 2005;

and the defendants having submitted letters to the Court dated November 2, 2005 and November 18, 2005, concerning the plaintiff's address and the need to complete his deposition;

and the Court having directed the plaintiff "to provide the defendants with a telephone

1

number and street (as opposed to P.O. Box) address," Order, dated November 18, 2005;

and the Court having previously advised the parties that "it will extend the deadline for fact discovery to allow the defendants to notify the plaintiff and arrange to complete his deposition telephonically," id.;

and the Court having then advised the plaintiff that "if he fails to participate in such a deposition, [the Court] will allow the defendants to submit letters seeking leave to file a motion to dismiss," id.;

and the defendants having advised the Court that the plaintiff had failed to provide them with a telephone number or street address, see Letter of the Middlesex Defendants dated January 10, 2006;

and the defendants having further advised that they mailed the plaintiff notice of their intent to depose him on January 6, 2006 via both regular and certified mail to the Fishkill, New York post office box, id.;

and the defendants having further advised that on January 6, 2006 they were present at the location designated for the plaintiff's deposition but that the plaintiff failed to attend, id.;

and the plaintiff having failed to appear for the continuation of his deposition on January 6, 2006 because he was deported on or about October 27, 2005;

and the Court having entered an Order dated February 16, 2006, that required the plaintiff to participate in a telephone deposition to be completed by March 13, 2006;

and the Court being advised that the parties had scheduled to complete the deposition on March 8, 2006 but the plaintiff failed to participate in such a deposition;

and the Court having entered an Order dated March 9, 2006, directing the plaintiff to

2

contact defense counsel to select a date for his deposition, call in on the date of the deposition, and complete the deposition by April 10, 2006;

and it appearing that the defendants sent the plaintiff an email advising him that the deposition would take place on April 10, 2006 at 10:00 a.m.;

and the plaintiff having advised defense counsel via email that he was willing to participate in such a deposition and that it takes nine days for him to receive mail from the United States, see Email dated April 6, 2006, attached to the Letter of Craig Corson, dated April 11, 2006;

and it therefore appearing that the plaintiff was notified of the date and time for the deposition;

and the defendants advising the Court that the plaintiff failed to participate in the telephonic deposition on April 10, 2006;

and the Court having previously recommended that the plaintiff's case be dismissed for his failure to participate in his deposition, see Report and Recommendation dated January 31, 2006;

and the Court having directed the plaintiff to show cause in writing why it should not issue a Report and Recommendation that his Complaint be dismissed, see Order dated April 17, 2006;

and the plaintiff having failed to respond to the April 17, 2006 Order;

and the plaintiff having been specifically advised that his failure to submit a written response will result in a recommendation to the United States District Judge that Her Honor dismiss the Complaint;

and the Undersigned hereby recommending that the United States District Judge dismiss the Complaint pursuant to Fed. R. Civ. P. 37;[1]

and the Court noting that the plaintiff has also failed to submit his written narrative statement of the facts, exhibit list, and a summary of the testimony of each witness he intends to introduce at trial by the April 17, 2006 deadline set in the Order dated March 9, 2006;

---

[1] In Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984), the Court of Appeals for the Third Circuit set forth six factors that must be considered to determine whether the sanction of dismissal is appropriate. The Poulis factors are: (1) the extent of the party's personal responsibility, (2) prejudice to the adversary, (3) a history of dilatoriness, (4) whether the attorney's conduct was willful or in bad faith, (5) alternative sanctions, and (6) the meritoriousness of the claim or defense. Id. at 868. While not all of these factors are applicable in this case, consideration of those which do apply provide a framework for determining whether or not dismissal is appropriate.

As more fully set forth herein, the record in this case demonstrates that noncompliance with orders have been the fault of the plaintiff himself. Here, it appears that the plaintiff has abandoned his suit. He failed to appear at his continued deposition or even contact the defendants or the Court regarding any difficulties in participating via telephone. Furthermore, he failed to submit his pretrial statement and evidence, despite notice of the serious consequence of being barred from introducing evidence at trial. His last contact with the Court was in March, 2005. The absence of recent contact with the Court or the defendants makes clear that there is no other conclusion to draw but that the plaintiff's conduct and his failure to take steps to pursue this action are willful. The plaintiff's failure to respond to the request for his deposition, as well as his failure to act on the Court's warning to him and its previous recommendation that his case be dismissed, signal to the Court that the plaintiff does not intend to litigate his claim against the defendants. While the Court recognizes that the plaintiff is a pro se litigant, the plaintiff is still personally responsible for his inaction. He has been on notice of the consequences of his failure to comply with the Orders of this Court and yet has again failed to comply despite numerous chances to do so.

The prejudice to the defendants is clear. They are unable to fully investigate the plaintiff's claims and defend against them without his complete deposition. His nonresponsiveness has stalled the defendants' ability to defend themselves. This conclusion is reached, however, without any finding as to whether or not meritorious defenses exist.

Based upon the apparent willful abandonment of his suit and the prejudice to the defendants, the Court concludes that dismissal is the only sanction that is appropriate.

and the plaintiff having been expressly advised that "failure to fully disclose in the written narrative statement the substance of the evidence to be offered at trial will result in exclusion of that evidence at trial. The only exceptions will be (a) matters which the Court determines were not discoverable at the time the pretrial statement was prepared and (b) matters to be used solely for impeachment purposes;" see, e.g., Order, dated March 9, 2006;

and as he has failed to submit such materials, any evidence he would seek to introduce would be excluded;

and for good cause shown,

IT IS on this 8th day of May, 2006

RECOMMENDED that United States District Judge dismiss the Complaint pursuant to Fed. R. Civ. P. 37. The parties have ten (10) days from receipt of this Recommendation to file and serve objections;

IT IS FURTHER ORDERED that counsel for the Middlesex defendants shall serve a copy of this Report and Recommendation upon the plaintiff by regular mail and certified mail/return receipt requested.

s/Patty Shwartz
United States Magistrate Judge

5